Gaston, Judge.
 

 — The very imperfect transcript which
 
 *235
 
 is filed in this case shows, that the plaintiff brought his action of detinue to recover the possession of a negro slave, Green, valued at 1600; that the defendant pleaded thereto the general issue and other pleas in bar ; that issues were joined; and that at a subsequent term the defendant pleaded, that since the last continuance the plaintiff had regained the possession of the slave. To this plea the plaintiff demurred, insisting, that he was nevertheless entitled to recover his damages and costs ; but the Court overruled the demurrer, and gave judgment, that the defendant recover his costs; from which judgment the plaintiff appealed. The record contains no formal declaration, plea, nor judgment; but it is entered of record, that the parties on both sides waive all objections, because of form. On so defective a record, we might properly refuse to render any judgment; but as the counsel on both sides declare their readiness to put all matters into proper form, we shall proceed to consider and determine the point submitted to us.
 

 When new matter arises after issue joined and before verdict, the defendant, upon verifying such matter, is permitted to plead it in what is called a plea since the last continuance or adjournment of the cause. At common law such a plea confesses the matter which was before in dispute between the parties, and is therefore a waiver of all the pleas previously pleaded. In this state, by the act of 1796,
 
 (Reo. ch.
 
 451), it is enacted, that the entering of a plea since the last continuance of a suit in law, shall in no case whatever be construed a relinquishment of any plea or pleas previously entered, but the same shall retain the like force and operation, whichJt or they would have had if such plea since the last continuance had not been entered. In consequence of this enactment, a plea since the last continuance is a matter of defence additional to those matters already pleaded by the defendant, and does ■ ii-,7 not overrule them, provided that the established order of pleading be not thereby subverted. This seems to be a necessary qualification of a fundamental law of pleading, which holds two pleas of a different order to be incompatible, of which one admits that there is no foundation
 
 *236
 
 for the other. The pleading of a plea in abatement since the last continuance necessarily operates a relinquishment previous pleas in bar.
 

 We are not satisfied, that this would be a good plea in bar. The gravamen in the declaration formally set forth, would state that the plaintiff was lawfully possessed of the s^ave question as of his own property, and being so possessed casually lost the same; that it afterwards came to possession of the defendant by finding, yet the defendant well knowing the slave to be the property of the plaintiff, hath not delivered it to him although often requested, but hath hitherto wholly refused so to do, and hath detained, and still doth detain the same to his damage dollars. The fact averred in the plea doth not deny to the plaintiff
 
 any
 
 cause of action, for notwithstanding that fact, he is entitled to compensation for the loss of the services of the slave, during the period the possession has been wrongfully withheld. If the writ of the plaintiff had been in trover, it is clear that the regaining of possession would have affected the
 
 amount
 
 of his claim, but would not have destroyed it.
 

 It seems to us, however, that this is a good plea in
 
 abatement.
 
 The writ of the plaintiff demands the restitution of the slave. The defendant is required to answer of a plea that he render to the plaintiff the specific slave sued for; and the plaintiff afterwards sets forth in his declaration the gravamen hereinbefore recited, as a more full and detailed statement of that demand — as a specification in a methodical and legal form of the facts and circumstances upon which that demand is founded. If the plaintiff succeed in his action, he has judgment to recover the specific slave, (or, if it may not be had, the value thereof,) and also damages by reason of the detention if any damages be assessed therefor. The damages are incidental to, and consequential upon, the recovery of the slave. An action of detinue does not lie for damages merely. When a plaintiff brings an action of detinue, and regains possession of the thing detained, he falsifies his writ by his own act, and thereby defeats that action. It is a settled rule, that wherever the plaintiff falsifies his own writ, and. this
 

 
 *237
 
 appears to the Court, the writ abates. . If a demandant or plaintiff falsify his writ by his own showing or acknowledgment, it abates of course. Thus, in an assise against several,
 
 one
 
 pleads a release from the plaintiff, and the plaintiff acknowledges it, the whole writ abates. Or in trespass, the defendant justifies by a warrant for the king’s tax, and the plaintiff replies, that the place where, &c. was within sanctuary, his writ shall abate, because he acknowledges the taking
 
 by ivarrant,
 
 and if so, he ought to have replevin, and not trespass. So, if an executor (plaintiff)
 
 shows that there
 
 is another executor alive, not named, his writ shall abate. Comyn, tit. Abatement, L. 1, 2. If this do not appear by the plaintiff’s own showing or acknowledgment, it is properly pleadable in abatement ,by the defendant. Thus, the tenant may plead in abatement, that the demandant was seised at the day of the
 
 turitpurchased.
 
 Comyn,
 
 ut supra,
 
 F. 16. So, if the demandant or plaintiff, after action, usurps that which he claims, his writ shall abate
 
 (id est,
 
 shall be abated on plea of defendant), for he destroys his action by his own act, as if he disseise the tenant pending an assise.
 
 Idem,
 
 H. 47. So, if the demandant enter pending the writ, and it may be pleaded pending the writ before issue, or after issue since the last continuance.
 
 Ibid.
 
 H. 48, and 2 Croke, 261. In an assise the plaintiff not only recovers his land, but damages and costs. If, however, he falsify the writ by his own act, he cannot proceed for his damages and costs, but abates the same altogether. The assise is brought for the land, and the damages and costs are a fruit or consequence of the recovery of the thing demanded. Thus it is also in detinue. The thing detained is all that is demanded, and the damages are awarded to render the restitution complete. In either case, if the demandant or plaintiff by his own act destroy the
 
 right
 
 to restitution, there is an end to his
 
 demand
 
 of restitution.
 

 There is a case very briefly reported in Martin’s Collection of Cases,
 
 (Merritt
 
 v.
 
 Merritt,
 
 Martin, 18.) which seems to conflict with these views. With every disposition to conform our adjudications to former decisions of the Courts of the State, we cannot rest upon this case as authority.
 
 *238
 
 It is known, that the compiler of this collection never attended Halifax Superior Court where this case is said to have been determined, and it does not appear upon whose relation he stated it. It is possible, that it may be an erroneous account of the case of
 
 Merritt
 
 v.
 
 Warmouth,
 
 also decided at Halifax, and reported in 1 Hay. Rep. 12, where the slave was delivered over, not to the plaintiff, but to a third person, from whom the defendant had hired the slave. If, however, the case of
 
 Merritt
 
 v.
 
 Merritt,
 
 be in truth a different case from the last, the note of it is too vague and unsatisfactory to furnish a safe ground of reliance. It does not appear who constituted the Court by which it was determined, nor upon what
 
 points
 
 the decision
 
 rested.
 
 Besides, the decision itself is directly contradicted by that in
 
 Sheppard
 
 v.
 
 Edwards,
 
 2 Hay. Rep. 186, and in
 
 Stroud
 
 v.
 
 Wilkes,
 
 not reported, which one of our body personally knows, and where the decision .was acquiesced in by the parties and their counsel. We consider ourselves, therefore, not only permitted, but bound to follow upon this question, the convictions of our own minds.
 

 As this was a good plea in abatement, the judgment thereon should have been, that the plaintiff’s writ be quashed, and (as by our act of
 
 1777 (Rev. ch.
 
 115, sec. 90) in every case where judgment is rendered against the plaintiff, the defendant is entitled to costs) that the defendant recover his costs. Regarding the transcript so amended, in pursuance of the agreement of record, we are of opinion, that there is no error in the judgment below, and that it should be affirmed with costs.
 

 Per Curiam. Judgment affirmed.